Cite as 2020 Ark. 177

# SUPREME COURT OF ARKANSAS

No. CV-20-82

|  |  |
|---|---|
| | Opinion Delivered: April 30, 2020 |
| STARK LIGON, AS EXECUTIVE DIRECTOR OF THE SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT<br><br>PETITIONER<br><br>V.<br><br>TERESA LYNETTE BLOODMAN, ATTORNEY AT LAW, ARKANSAS BAR NUMBER 2005055<br><br>RESPONDENT | PETITIONER'S PETITION FOR CONTEMPT,<br>AN ORIGINAL ACTION<br><br>SPECIAL MASTER APPOINTED. |

**PER CURIAM**

Stark Ligon, Executive Director of the Arkansas Supreme Court Committee on Professional Conduct, has filed a petition for contempt against the respondent, Teresa Lynette Bloodman.

Pursuant to Rule 6-5 of the Rules of the Supreme Court and Court of Appeals, a special master shall be appointed to take evidence upon issues of fact where this court's contempt powers are at issue. Accordingly, we hereby appoint the Honorable John Fogleman as special master to conduct a hearing, make findings of fact, and to file his findings with this court's clerk. Upon receiving the special master's findings, we will decide whether Teresa Lynette Bloodman should be held in contempt.

It is so ordered.

Special Justices JEFFREY W. HATFIELD and REBECCA B. BLASS join.

HART, J., dissents.

WOOD and WYNNE, JJ., not participating.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. While Rule 6-5 of the Rules of the Supreme Court and Court of Appeals does provide for appointment of a master in original actions before this court, that rule is inapplicable in this situation. This contempt action arises from a preexisting and ongoing disciplinary proceeding against Bloodman—a proceeding in which this court has already appointed a master and in which the Director has already raised these issues.

Paragraphs 21–22 of the Director's petition to this court acknowledge as follows:

21. After being informed of the October 29, 2019, court appearance by Ms. Bloodman and receiving the hearing transcript, for reasons of judicial economy and efficiency Petitioner elected to try to pursue this new matter in the disbarment case, and on December 20, 2019, filed a Motion to Reopen Trial & For Permission to File Sixth Amended Petition for Disbarment. (Ex. D)

22. By Order filed February 3, 2020, the special judge of the disbarment case denied Petitioner's motion to reopen the disbarment trial and the filing of the attached Sixth Amended Petition for Disbarment. (Ex. E)

The Director filed his "Motion to Reopen Trial & For Permission to File Sixth Amended Petition for Disbarment" with the master, and the master denied it, but instead of appealing the master's denial to this court, the Director is filing an entirely separate original action—which presumably will lead to the appointment of an entirely separate

master to address the same factual allegations. Arguably, the court's acceptance of this approach is inconsistent with our law-of-the-case doctrine and the prohibition against forum shopping. The Director maintains that he only raised the contempt issue before the existing master "for reasons of judicial economy and efficiency," but that is exactly what he was supposed to do. After all, the order Bloodman allegedly violated is from the same disbarment proceeding over which the existing master was appointed to preside.

In this situation, the Director disagreed with the existing master's denial, and his remedy should have been an appeal. I will note that while the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of Attorneys at Law do provide for an appeal by any party "aggrieved by an action of a panel at a public hearing" (see § 12), the Procedures do not specifically indicate the availability of an appeal from a decision by a master appointed in a disbarment proceeding. Perhaps this is because the Procedures contemplate that all the master's determinations in a disbarment proceeding will eventually be reviewed by the Supreme Court of Arkansas, which reviews the master's determinations for clear error and imposes any sanction on the attorney if appropriate. *Id.* § 13. But regardless, appointing a *new* master to address the contempt allegations at issue here is untenable because those allegations have already been raised and addressed in a tribunal with requisite authority and jurisdiction. Any further pursuit of those allegations should stem from that tribunal's decision.

I dissent.

3

*Caroline S. Bednar*, Staff Attorney, Arkansas Supreme Court Office of Professional Conduct, for petitioner.

*Teresa Lynette Bloodman*, pro se respondent.